UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY STREETER,<br><br>        Plaintiff,<br><br>        v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | No. EDCV 17-1543 AGR<br><br>MEMORANDUM OPINION AND ORDER |

      Plaintiff filed this action on August 1, 2017. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 12, 13.) On May 24, 2018, the parties filed a Joint Stipulation ("JS") that addressed the disputed issue. The court has taken the matter under submission without oral argument.

      Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

# **PROCEDURAL BACKGROUND**

In 2013, Plaintiff filed applications for disability insurance benefits and supplemental security income. In both applications, she alleged an onset date of November 18, 2011. AR 13. The applications were denied initially and upon reconsideration. AR 13, 91-92, 125-26. Plaintiff requested a hearing before an Administrative Law Judge (ALJ). On June 30, 2016, the ALJ conducted a hearing at which Plaintiff and a vocational expert testified. AR 32-56. On September 27, 2016, the ALJ issued a decision denying benefits. AR 10-24. On June 2, 2017, the Appeals Council denied the request for review. AR 1-5. This action followed.

# II.

# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

**III.**

**DISCUSSION**

**A.   Disability**

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

**B.   The ALJ's Findings**

The ALJ determined that Plaintiff met the insured status requirements through December 31, 2017.  AR 15.  Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Plaintiff had the severe impairments of hypertension, obesity, sleep apnea, history of cerebrovascular vascular accident (CVA), diabetes mellitus, neuropathy, status post laparoscopic cholecystectomy, kidney stone and right kidney cyst, depressive disorder, anxiety disorder and mild degenerative joint disease in the left knee.  AR 15.

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work except that she could frequently climb ramps and stairs, balance, stoop, kneel, crouch and crawl; and frequently reach, handle, finger and feel.  She should avoid concentrated exposure to vibration, extreme heat and extreme cold.  She could perform simple routine tasks; occasionally interact with supervisors, coworkers

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

and the public; and maintain attention and concentration for two-hour increments with normal breaks. She cannot work on a team. AR 17. Plaintiff was unable to perform any past relevant work but there were jobs existing in the national economy that she could perform such as cleaner/housekeeping, plastic hospital products assembler, and small products assembler. AR 23-24.

### C. Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. AR 19.

Second, when an ALJ concludes that a claimant is not malingering and has satisfied the first step, "the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation omitted); *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). "A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter*, 806 F.3d at 493 (citation omitted). "'General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.'" *Id.* (citation omitted).

The ALJ found that Plaintiff's statements about the intensity, persistence and limiting effects of her symptoms "were not entirely consistent with the medical evidence

and other evidence in the record." AR 19. The ALJ also relied on Plaintiff's inconsistent statements in the record to conclude that "the limitations she testified to were artificially limited." AR 22.

The ALJ noted that Plaintiff admitted being noncompliant at times with medication, although she explained that she "ran out" and "didn't have a way to go get them." AR 19, 42, 713 (complaining it takes hours to fall asleep when she is not medication compliant). Plaintiff reported, in April 2016, doing better after not taking medication for two weeks. She had increased energy, self-esteem and goal directed activity. By contrast, she felt low when taking her medication. AR 21, 706. When the ALJ questioned her about this statement, Plaintiff testified: "Maybe I did feel better at the time, but – you know, maybe it was according to her an up mood or something. I don't know." AR 42; *see* AR 19. The ALJ found that Plaintiff was capable of the mental RFC assessment "if she is compliant with prescribed treatment." AR 21; *see Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006) (finding ALJ may consider impairments that can be controlled effectively with medication as nondisabling).

Although an ALJ may not discount a claimant's testimony based solely upon a lack of supporting medical evidence, the ALJ may rely on this factor. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). This reason is supported by substantial evidence based on the evidence cited by the ALJ. AR 20-21; *e.g.*, AR 636-40 (opinion of examining physician), 773, 783-86 (reporting good appetite and energy level), 793 (mild knee findings, June 2014), 797-801 (May 2015 examination). The court notes that, on July 6-7, 2015, the medical records indicate Plaintiff's chronic kidney disease had progressed to stage 4. Her symptoms of dizziness, weakness and low blood pressure were likely due to the combination of blood pressure medication and worsened renal function. In addition, to avoid frequent episodes of hypoglycemia, it was recommended that her treatment for diabetes be changed due to her poor renal function. AR 694, 696, 698, 803-04. At her follow up visit on July 31, 2015, however, Plaintiff reported feeling

well and not fatigued.  She appeared well nourished and well hydrated.  AR 789.  Her physical examination showed relatively normal findings.  AR 789-90.  The hearing occurred on June 30, 2016, and the ALJ left the record open to receive more medical records.  AR 32, 55-56.  There are no subsequent medical records indicating that Plaintiff's symptoms of July 6-7, 2015 recurred.

Plaintiff has not shown error.  "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: June 13, 2018

ALICIA G. ROSENBERG
United States Magistrate Judge